**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

SARAH GRAYCE NORRIS
ACUNA and JAVIER ACUNA,
Individually and As next friends and
Guardians Ad Litem to
JULIA GRAYCE ACUNA,
An Infant Deceased,

Plaintiffs,

v.

JANICE E. TILDON-BURTON,
M.D., Individually;
JANICE TILDON-BURTON,
M.D., P.A., a Delaware Corporation;
And CHRISTIANA CARE HEALTH
SERVICES, INC., a Delaware
Corporation,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. NO.: N17C-09-224 AML

JURY TRIAL OF 12 DEMANDED

Submitted: November 27, 2017
Decided: December 1, 2017

**ORDER**

**Upon Review of the Affidavit of Merit – Accepted**

On November 22, 2017, Defendant Janice E. Tildon-Burton, M.D., and Janice

Tildon-Burton, M.D., P.A. moved to have the Court review Plaintiffs' affidavit of

merit, *in camera*, to determine whether it complies with 18 *Del. C.* § 6853(a)(1) and

(c).[1]

---

[1] 18 *Del. C.* § 6853(d).

On November 27, 2017, Defendant Christiana Care Health Services, Inc. ("CCHS") moved to have the Court review Plaintiffs' affidavit of merit, *in camera*, to determine whether it complies with 18 *Del. C.* § 6853(a)(1) and (c). Specifically, CCHS asked the Court to determine whether the affidavit of merit gives an opinion that there has been healthcare medical negligence by each defendant, including CCHS's agents, servants and employees. CCHS also asked the Court to determine whether the affidavit of merit gives an opinion that each breach by each defendant, including CCHS's agents, servants, and employees, proximately caused the injuries alleged in the complaint.

In Delaware, a healthcare negligence lawsuit must be filed with an affidavit of merit, signed by an expert, and accompanied by the expert's current *curriculum vitae*.[2] The expert must be licensed to practice medicine as of the affidavit's date and engaged in the same or similar field as the defendant in the three years immediately preceding the alleged negligence.[3] The affidavit must state that reasonable grounds exist to believe the defendant was negligent in a way that proximately caused the plaintiff's injury.[4] The statute's requirements are minimal.

---

[2] *Id.* § 6853(a)(1).
[3] *Id.* § 6853(c).
[4] *Id.*

1

Accordingly, an affidavit of merit tracking the statutory language complies with the statute.[5]

After *in camera* review, the Court finds:

1. An expert signed the affidavit;

2. The affidavit was accompanied by a current *curriculum vitae*;

3. The expert is Board certified in Obstetrics & Gynecology and Maternal-Fetal Medicine;

4. At the time the affidavit was sworn, the expert was engaged in the teaching/academic side of medicine in the same field of medicine as Defendants Janice E. Tildon-Burton, M.D. and CCHS, within the three years preceding the alleged negligence;

5. The affidavit states that there are reasonable grounds to believe the applicable standard of care was breached by each Defendant, including Janice E. Tildon-Burton, M.D. and agents, servants, and employees of CCHS; and

6. The expert states breaches of the standard of care proximately caused Julia Grayce Acuna to be born dead.

---

[5] *See Dishmon v. Fucci*, 32 A.3d 338, 342 (Del. 2011) ("In order to satisfy the *prima facie* burden, an Affidavit of Merit must only contain an expert's sworn statement that medical negligence occurred, along with confirmation that he or she is qualified to proffer a medical opinion.").

Considering the above, the Court finds that the affidavit of merit complies with 18 *Del. C.* § 6853(a) and (c) as to Defendants Janice E. Tildon-Burton, M.D and CCHS.

**IT IS SO ORDERED.**

_____
Abigail M. LeGrow, Judge

Original to Prothonotary
cc:    Bradley J. Goewert, Esquire
       Thomas J. Marcoz, Jr., Esquire
       Richard Galperin, Esquire
       Joshua H. Meyeroff, Esquire
       Bartholomew J. Dalton, Esquire